IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MERRIANNE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12CV1059-WKW |
| | ) | |
| JEFFERSON COUNTY COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, proceeding *pro se*, brings this action against her former employer, the Jefferson County Commission. Construing her *pro se* complaint liberally, plaintiff asserts claims of: (1) discrimination on the basis of her race and sex in violation of Title VII (Complaint, ¶¶ 4-6); (2) failure to accommodate her disability in violation of the Americans with Disabilities Act (id., ¶¶ 4, 9 and EEOC charge attached to complaint); (3) retaliation in violation of Title VII, the ADA, and the Family and Medical Leave Act (id.); and (4) violation of her right to freedom of speech (id., ¶ 6). Plaintiff resides in McCalla, Alabama. (Id., ¶ 1). The Jefferson County Commission – the sole defendant – has its principal office in Birmingham, Alabama. (Id., ¶ 2). The alleged unlawful activity occurred in Bessemer, Alabama, where plaintiff was employed. (Id., ¶ 10 and attached EEOC charge).

The acts giving rise to this action took place in Jefferson County, where plaintiff resides, and where the defendant is located. Jefferson County lies within the Southern Division of the Northern District of Alabama. See 28 U.S.C. 81(a)(3). It is not apparent

from the allegations of the complaint (including its attachments) that this district has any connection whatsoever with plaintiff's lawsuit. While venue is proper in this district as to plaintiff's Title VII and ADA claims,[1] it is arguably not so as to plaintiff's § 1983/First Amendment and FMLA claims.[2] It is beyond question that venue is proper in the Northern District of Alabama as to all of plaintiff's claims.

"A district court may *sua sponte* transfer a civil action to any other district where it might have been brought if doing so will be convenient for the parties and witnesses and serve the interest of justice. ... Before proceeding, the court should provide the parties with notice and an opportunity to be heard." Nalls v. Coleman Low Federal Inst., 440 Fed. Appx. 704, 706 (11th Cir. 2011)(unpublished opinion)(citing 28 U.S.C. § 1404(a), § 1406 and Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011)). The court need not decide whether venue is proper in this district as to plaintiff's § 1983 and FMLA claims, because

---

[1] See 42 U.S.C. § 2000e-5(f)(3) and § 12117(a).

[2] Whether venue is proper depends upon whether the existence of "personal jurisdiction [over the Jefferson County Commission] with respect to the civil action in question" is to be determined by reference to the state as a whole or as to this particular district. See 28 U.S.C. § 1391(b)(1), (c)(2), and (d); Ala. Code § 11-1-2 (county is a "body corporate" with capacity to sue and be sued); Cook v. St. Clair County, 384 So.2d 1 (Ala. 1980)(concluding that § 11-1-2 authorizes suits against counties and their governing bodies, the county commissions); Askew v. Hale County, 54 Ala. 639 (1875)(describing county as a "quasi-corporation" and stating, "There are many definitions of a corporation, more or less expressive; the essence of all is, that it is a legal or artificial person, with prescribed powers, having a capacity of succession, or of duration, without regard to the changes in its membership. The capacity of suit is one of the essential and ordinary incidents to a corporation.").

it appears that transfer to the Northern District of Alabama is appropriate either way.[3,4]

Where venue is not proper, 28 U.S.C. § 1406(a) allows the court to transfer the case "to any district or division in which it could have been brought." Even assuming that venue is proper in this district as to all of plaintiff's claims, transfer to the Northern District of Alabama appears to be appropriate because the plaintiff resides there, the Jefferson County Commission is located there, all of the events giving rise to this action are alleged to have occurred there, and it is likely that all or most of the potential witnesses and the relevant documentary evidence are located there. The court may, pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice ... transfer any civil action to any other district ... where it might have been brought." The factors relevant to a § 1404(a) transfer decision appear, from the present record, to weigh in favor of transfer.[5]

---

[3] A transfer to the Northern District of Alabama presents no choice of law consequences that might depend on the statutory authority for the transfer.

[4] Cf. Ellis v. Jackson Nat. Life Ins. Co., 2012 WL 3777150, *10 n. 12 (M.D. Ala. Aug. 30, 2012)(transferring case pursuant to section 1404(a), as requested by defendants, after noting that it was "dubious that venue is appropriate in the Middle District of Alabama").

[5] See Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005)(identifying section 1404 factors, including: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling parties; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances"); see also Ellis, 2012 WL 3777150 at *11 ("Although the choice of forum of the plaintiff is an important consideration under § 1404(a), courts have given that factor less significance where, as here, the operative facts underlying the causes of action did not occur within the forum chosen by the plaintiff and the forum does not encompass the district where plaintiff resides.").

**CONCLUSION**

For the foregoing reasons, and upon consideration of the allegations of plaintiff's complaint, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama under the authority of 28 U.S.C. § 1404(a) and § 1406.[6]

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before December 27, 2012. Any objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. See United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009)(citing Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

---

[6] This recommendation provides the requisite notice to the parties, as the parties may oppose transfer by filing an objection to this recommendation and, if the Jefferson County Commission wishes to waive any objection to venue, it may so notify the court during the objection period.

DONE, this 13th day of December, 2012.

            /s/ Susan Russ Walker
            SUSAN RUSS WALKER
            CHIEF UNITED STATES MAGISTRATE JUDGE